Good morning, Your Honors. May it please the Court? My name is Don Green. I'm the attorney for the appellant, Victoria Mata, in this case. You were not the trial counsel, I don't think, were you? I was, yes, sir. Why didn't you object to the charge? I'm sorry? Why didn't you raise an objection to the judge's charge on the issue of criminal activity? On the issue of criminal activity for the jury instructions? Yeah. We did raise the issue. I'm not clear about that. It seems like your focus was that, you know, this was a civil proceeding, but the charge specifically talked about criminal activity vis-à-vis what, the DOJ? Correct. And I don't think you raised an objection to that charge in that respect. Maybe I'm wrong. I'm not sure which charge you are referring to. Well, your complaint was that the judge should have charged the jury that this was a civil proceeding? Correct. And the judge did not do that? Correct. But you didn't ask the judge to do that, did you? We did. We asked the judge to do that. I'm not clear. The biggest issue before the court at trial was the Secretary of State. But when the judge gave the charge about the criminal aspects of this statute, it referenced the criminal activity vis-à-vis the DOJ, right? Correct. And you said that it had to be a complaint to the DOJ for it to be criminal activity. You didn't — and I think that was wrong. You didn't object to that, did you? I believe that we did, Your Honor. I'm not saying — We raised this issue over and over again. In fact, we asked the court to reconsider it at trial. I just don't see that. It seems to me that that might have been a waiver on the part of counsel. But I just want you to clarify that for me. You make a point to where it is. You said, Your Honor, this is not just criminal activity vis-à-vis the DOJ. This is criminal activity to any person, and that's not a correct charge that you gave to the jury. I don't see that in the record. Well, even, Your Honor, if that is the case, I would ask the court to respectfully hear the issue on that and address it, This is a case that has significant general impact on the public. We have a whistleblower hotline with the Secretary of State, which people can call. We have the Bureau of Labor and Industries, which is an agency that is set up to deal with — Let me interrupt. I used to say when I started this job 23 years ago, I don't mean to interrupt you, but — Okay. And then I realized I do mean to interrupt you. Okay. I just wanted your clarification. Look, I'm somewhat sympathetic to this person, because, you know, this person objected to everybody under the sun, with the exception of maybe the current President of the United States. So my sympathies are in that direction. But I'm trying to do a judge-like job here in analyzing the case. And, you know, I charge juries all the time. And if I charge a jury incorrectly, usually counsel will say, Judge, it's not just limited to the DOJ here. It's not a correct charge. And here's what I request that you should charge the jury. I don't think that happened here. I just want to get clarification about that. It did occur, Your Honor. We brought up the issue with the Secretary of State. And even — I don't see it in the record. But anyway, let's not debate it. I just want to know if you can point to the record where you say, Judge, I object. Here's the charge that should be given. The way you charge the jury vis-à-vis criminal activity is not correct. It's too circumscribed. It's broader than just the DOJ. I don't see that. I believe it's in that brief and certainly in the reply brief as well, Your Honor. I could go look for it, too, but that would rack up my time. It's up to you. I'm just giving you the opportunity to educate me about that. Well, I do believe that we brought it up, Your Honor. We brought it up with the civil proceeding. Civil proceeding is different. We're talking about the criminal aspect. Anyway, go ahead. Okay. I'll continue. So we have three issues before the Court. Two of them have to do with 659A.230, which deals with the retaliation aspect for whistleblowers. And the third is the expert, the admissibility of the expert, which I'll spend very little time on, and I'll generally submit on that. But as I mentioned, and it was brought up by Your Honor as well, if the preservation issue is going to be an issue and the Court is inclined to say that these issues were not preserved, I will want to point out at the outset that I do believe that there is significant public policy impact in this case, because if this holding is to stand, what it essentially says is that even though there is a hotline set up with the Secretary of State that people can call and report cases of fraud, waste, and abuse, blow the whistle on their employer, they are not going to be protected under the law, under this statute. Okay. But we're not the Oregon legislature, and we've got this statute that we've testified at a civil proceeding. Correct. Right? That's what the statute says. That's correct. And there are other statutes not at issue in this case. Oregon actually has, I think, a series of sort of overlapping whistleblower statutes. But we're proceeding under this one. So why does your client qualify? Why did her reports qualify under this statute, sir? Under a civil proceeding? You're under 10 minutes now. We get pretty quickly, I think, to this conflict between Hoover, the Hoover Court opinion, and then the regulation. Do you want to speak to that? Sure. Hoover, Your Honor, is distinguishable for a number of reasons. Hoover involved two separate claims. One was a complaint that was made to the Oregon State Board of Nursing, in which they called up the Board of Nursing and basically said, what do I do in a case where I learned from a parent that the medication order is old? And they said, well, that would be negligent. She put that in the record. It wasn't necessarily a complaint. There was a second issue where she contacted the Department of Health and Human Services and reported a HIPAA violation. I would argue that that case is different than this case because this case actually deals with reports directly to the Secretary of State and directly to the Bureau of Labor and Industries, which are two agencies that are set up to deal with these type of issues. Okay. So Hoover says, we reach the same conclusion with respect to plaintiff's claim under the statute you and I are talking about, 669A230. And it says, quote, the critical flaw in plaintiff's position is that his complaint to the DHHS and threat to complain to the OSBN were administrative matters, not criminal or civil actions. And that seems to me to be the crux of it. We have the Court here saying that's the nature of the agency. What is your response, sir? My response is that I don't think the Court got it right in that case. Okay. First of all, as I mentioned, there's the Oregon administrative rule which specifically defines the statute. But Hoover did not consider the Oregon administrative rule, if I read that case correctly. Did that rule come into place after Hoover or was it in existence before Hoover? I cannot answer that. I don't know when that was in place. In any event, Hoover did not deal with that at all. But we have to deal with it here, I guess, right? We do. And I would say, and I think the lower court agreed, that that statement is probably dicta and not binding. But I also will say that the Hoover court said that it is a civil action as opposed to a civil proceeding. And civil action is not even a term that is used in the statute of 659A.230. Now we have this administrative rule that the BOLI enacted. Correct. It seems like a fair thing to me. But, you know, is that entitled to deference? And if so, why? Well, the Bureau of Labor and Industries is charged with enforcing employment laws in the State of Oregon for adults and children and employees. They are charged with handling those complaints, with enforcing those laws, and also with clarifying the laws with respect to employment. And in that regard, they fulfilled their duties by enacting this rule, which defines what a criminal proceeding is in this case. But, counsel, it's not a question of whether the agency fulfilled its duty. The question is, it's got a reg that is spot on for your team, right? It's very, very helpful for your team. But what we're asking is, why is that regulation entitled to deference? It's not a Chevron standard, which is what we do in our sleep. You know, we do that all the time. But Oregon has a very specific and quite a different standard. Why should we give deference to that? Well, the appellant raised this argument in their opposition brief as well. And I think what they argue is that it's not... Delegative. Right. It's not entitled to deference if it is a term that is inexact. And inexact term is what they argue. In other words, you've got to look at the legislative history. And I think if you look at the legislative history of this, it makes little sense to have this statute that protects employees for whistleblower actions if they're not going to be protected for contacting other agencies that are endowed with the responsibility of enforcing employment laws for the state of Oregon. Excuse me for interrupting again, but I think you're right. My read of the law is we have to decide whether it's exact, inexact, or delegative. But you said when I asked which is it, basically, you said you've got to look to the legislative history. Is that right? We look to the legislative history to decide if it falls into one of those three categories? Well, I think you look at the word civil proceeding. It's not an exact term that has a definition. You've got to look at outside sources to determine what that actually means. That's imposing counsel's arguments. That's why it's inexact. That's what she's saying. Right. That's what she's arguing. But what's your position? My position is that it's more exact than inexact. I mean, we're falling on this spectrum, right? And I think you're entitled to deference because it's not entirely clear what that means. But it does have some meaning. If you look at the statutes, what does a civil proceeding mean? It's not a civil action. A civil proceeding means potentially an administrative agency, which is clarified by the ---- is not a civil proceeding. I know that was before or did not consider the administrative rule that we're talking about here that BOLI enacted. But it does say that an administrative proceeding is not a civil proceeding. Are we bound by that? I'm sorry. Can you repeat that? Are we bound by the Huber court decision that says an administrative proceeding is not a civil proceeding? Am I reading that incorrectly? I think you are reading that incorrectly because that's not what the Huber court says. The Huber court says that the administrative proceeding, that it doesn't apply because the administrative because it was reported to administrative agencies which are not civil actions. And a civil action, what I'm arguing, is that a civil action is not a civil proceeding as that term is used and defined by the statute. So that's why I'm arguing that Huber is potentially incorrect. Well, what would be a civil proceeding then? A civil proceeding would be how it's defined by the Oregon administrative rule, which is either an administrative action or a court action. But I think we're circular to my ---- in my mind here. I agree with you that if that administrative ruling by the BOLI was applicable, that you win. I think that probably everybody would agree to that. It covers it like a blanket. The question is, in the absence of that, can you still win? In the absence of the administrative rule? Yeah. Well, I think it's a case of first impression because, like I say, I think Huber got it wrong in terms of what they say. So Huber is wrong in that respect. Correct. And I don't think it's binding. I think it's dicta. Counsel, if we disagree with you regarding whether Huber is wrong, and if Huber conflicts with the regulation, which has priority? I believe the regulation. Why? Why would a regulation trump a court ruling? Because the regulation is right on point as far as the definition is still proceeding, and I think Huber doesn't address it correctly. It doesn't address the regulation at all. It doesn't address the regulation. But it addresses the point. It addresses the statute. And when we sit in diversity, we are to give deference to the State court decisions. So I have some difficulty saying that an administrative rule overrides our obligation to give deference to the State court decisions. What's your response to that? I think it's an imperative. I think that the public policy dictates that that is what happens. It would be, the statute would be useless if there is not protections afforded to employees. But we can't, but that, in essence, you're telling us to ignore the State court rulings? The only State court ruling that we, there are no State court rulings. I mean, that's one of the things that I mentioned. I mean, the only one we're talking about is Huber, which is a federal rule. Huber is a ruling. So the difficulty I'm having with your position is that we have to predict how the highest court would resolve this. And Huber is the best guidance, in my view, that we have toward predicting how the State Supreme Court would address this issue. Coupled with our obligation to adhere to State court decisions, I find it difficult to accept your argument. Well, let me mention two other cases that were cited also by the appellant in their brief and addressed in my reply brief as well. And these are the two cases of DeBay v. Wild Oats Markets and Roberts v. Oregon Mutual. And what I do want to mention with respect to those two cases is that the court said, and I agree with the appellant on this, the court said that they needed to, the reports needed to be part of results of a criminal investigation or process. But the court also said in those cases that the complainant needed to reasonably believe they were reporting criminal conduct. And I think those are important cases because the record is replete with the evidence that Victoria Mata believed that she was reporting criminal conduct. She testified that that's why she contacted the Secretary of State. She included all of that information, reporting that conduct to the Bureau of Labor and Industries and also to the legislature. I think you're right. I mean, criminal conduct was reported to everybody except the President of the United States. I get it, and I'm sympathetic to that. But we're mixing apples and bananas here. We're talking about a jury charge, it seems to me, in respect to whether or not criminal conduct was appropriately charged to the jury. And we're talking separately the issue of civil proceeding. We're talking about Huber, whether, you know, we're precluded from considering the administrative ruling. I'm still not clear which came first, Huber or the administrative ruling. Are you? I'm pretty certain that it was the administrative ruling was prior to Huber. It was prior to Huber? It was addressed, but... They didn't address it, right? They didn't address it. So, you know, I don't know how the Oregon Supreme Court would decide whether or not that administrative ruling is entitled to deference. It's inexact on the one hand, delegative on the other hand. It's kind of a loosey-goosey type of thing that we have to sort out. And I have no idea what the high court of Oregon would say about that. Should we certify that question to the high court? Let them decide whether it's a delegate bill or not? That's up to their... I don't know. But I would say, as I mentioned before, I think it does have significant public import, the answer to that question. I agree. You know, I'm concerned about that, too. She's complained to everybody. I understand that. I'd like to reserve... You're over your time. We'll give you a minute for rebuttal. Thank you. Good morning, and may it please the Court. You know you're going to be asked a bunch of questions. Oh, I do. Before the questions start, I wanted to make a quick... Because you can finish identifying yourself for the record. Oh, I'm sorry. I got so excited about that. My name is Cecil Renish-Smith, and I appear on behalf of the Oregon Health Authority. Before we get into the questions, I just wanted to make a quick correction to a citation in my answering brief. On page 35, I state that the judges... The colloquy and ruling on the expert witness was on ER 4650. It's actually ER 5862. I accidentally cited the transcript pages instead of the ER. Got it. We got it. So basically what's happening here is that the plaintiff is asking this court to disregard settled Oregon law regarding the interpretation of Oregon statutes. All right. So I see a couple of separate issues here. So my main focus when I questioned your adversary was first on the report of criminal activity. And it seems that you agree that perhaps the judge did not properly charge the jury by just limiting it to the report to the DOJ, because the statute talks about reporting of a criminal activity. It doesn't say just to the DOJ. And she reported criminal activity to all sorts of people here, assumed that was done in good faith, et cetera. And I think you rely upon the fact that that issue we should not deal with because it was waived. Do I read your brief correctly? I respectfully would say that no, that's not what my argument was. What my first argument was preservation. I argued preservation on all of them. But on the merits of that, I don't agree that the instruction was incorrect. On the merits, there is settled Oregon case law specifically interpreting that statute, 659A.230, to say that in order to get under the protection for reporting criminal activity, the reports must be made to an agency that is capable of prosecuting that criminal activity. Didn't that happen here? I mean, she reported this to everybody under the sun, the State Department, DOJ, and everybody else? Yes, she did. But none of those agencies had the power or authority to prosecute anyone for that criminal activity. I'm not so sure. So who else should she have reported it to, the President of the United States? No, because the President of the United States also doesn't have the power to prosecute criminal activity. Who else was left? I mean, she did everything. The Department of Justice. And she did make a report of the purported criminal activity to the Oregon Department of Justice, which was the department that had the authority to prosecute it or to follow through on that. And under Roberts and DeBay, that's what she was required to do. So that's the only agency that has the power to pursue a criminal complaint? It is the only — well, she could have gone to the district attorney. She could have gone to the U.S. attorney. Secretary of State doesn't qualify? Secretary of State does not have the ability to prosecute a criminal complaint. At best, they can refer it to an agency that can prosecute it. They can refer it, right? Isn't that sufficient? Not if she did not request the SOS to refer it to the Department of Justice, and there's nothing in the record. But what was wrong is that she had to tell the Secretary of State and the BOLI, please refer my complaint to some agency that has the power to prosecute this person for criminal misdeeds. Is that what she failed to do? Correct. Under settled Oregon law — That's pretty strict interpretation of a statute designed to really give folks like this an opportunity to get some redress, don't you think? It may be, but that is how the Oregon court has construed this — Which case do you rely upon that says that you have to report specifically to an agency and then, say, refer it to an agency that can prosecute this person for criminal misdeeds? Which is your case that you cite for that proposition? That can be inferred from Roberts and DeBay. Because what the court said in Roberts and DeBay is that the only way construing that particular statute, that the only way that a plaintiff can fall under the protection is to report to an agency that can prosecute it. So what you can infer from that is if she has made a report to another agency that cannot prosecute it and has not, as part of that report, requested that that agency refer it to a prosecuting agency, then she doesn't fall under the protections. That may be a strict interpretation of the law, but that is how the Oregon courts have interpreted it, and plaintiff has not offered a convincing argument for why this court should disregard that interpretation. So that's branch one of what puzzles me about this case, but the second part deals with the civil proceeding. And why is this not a civil proceeding when she initiated a complaint before the BOLI, which seems to be the perfect agency to complain to? It is an agency to complain to about the retaliation. And, you know, it's not the agency to complain to about what she considered, you know, the malfeasance going on at her agency. So we have, you know, agency determinations all the time. We had social security agency, the administrative law judge, that's an agency. This is an agency, they can initiate proceedings, they can make a determination based upon that complaint. It can be appealed. You can take a proceeding to a district court or the circuit court of appeals. Isn't that sufficient to come under the umbrella of the phrase nomenclature civil proceeding? There can be administrative proceedings, there can be judicial proceedings, but this doesn't talk about a civil trial. It talks about a criminal trial, but it talks about a civil proceeding. It seems to me that this is a very limited view of civil proceeding if you can't start a complaint before an administrative agency that has powers to litigate. Right. So we have Huber, which admittedly is short on analysis, but it does, it says the fatal flaw is this was an administrative proceeding, not a civil proceeding. What we can gather from Huber and from the text of the statute is that the legislature had in mind the type of civil proceeding that, like you were just talking about, maybe a contested case proceeding, a district court proceeding, something that involves litigation of some sort, but that's not what happened here. It does seem that the logical thing, looking at it from the employee's perspective, you have the BOLI, wow, I'm going to complain to them here. I think that probably 99 percent of the people would say that's the logical place to complain to. And then you have after that, or maybe before Huber, the ruling that we're talking about here by the administrative agency that takes us into the issue of deference, right? So the agency says no, of course this is a civil proceeding, this should be the same thing, it interprets civil proceeding. Why is that not entitled to deference as a delegative type of concept? Because it's not a delegative term. Why not? Because it is capable of construction without resort to new definition. Why do you say that? I don't see it that way. So, I'm sorry. You just admitted that there are different possibilities. Civil proceeding could be an administrative proceeding. It could be going to court. So it has multiple possibilities in terms of what that means. Correct. But those are all possibilities that can be determined by construing the statute itself without having to rely on an external source. And so... Is that the line? Is that where they draw the line? Well, so, Judge Christian, as you noted earlier, the Oregon way of looking at administrative rules is very, very different from the Federal court's approach. Yes, and that's the part we know. So where do they draw the line, please, between the three categories? So an exact term is something that there can be no dispute about, no need to define. Like someone's age. Now you're defining the terms for me? I'm trying to get at where do they draw the line between the categories, please? Okay. Your position is this is an inexact term? This particular term is an inexact term. Why is it not delicative? I know why it's not exact. Okay. Okay. Could you help me with the other two? It is not delicative because the best way I can do this is to maybe provide some terms that are delicative. Okay. Fair. Reasonable. Yeah, I agree with that, but there are four factors that we ought to consider. I think you went on the first factor. It says it is delicatable if, one, it is similar to terms that have previously been deemed delicative. I don't think that they ring the bell on that factor. Two, though, they have a few others here. It is susceptible to multiple interpretations and that's statutorily defined. I don't see where this is statutorily defined. I think we're debating that right now, and I think to me it seems like it's subject to more than one interpretation, but we can debate that. Three, it requires the agency to make policy judgments that the legislature has only indicated. Well, this is the agency, the BOLI, the charge of doing exactly that, it seems to me. The statute containing the terms suggests that the legislature intended it to be delicate. I have a hard time stumbling over that. It just seems to me that there's a view in this case where we can possibly say that, yes, it does ring the bell on the second, third, and fourth factors, albeit not on the first factor, and we should come to a determination that this is delicative. So what do you say about all that? Okay, the first thing I would say is that as to the factor regarding capable of multiple interpretations, this one at best has two interpretations. It's multiple, but when the, in other cases, and I'm sorry, I could have more fully briefed this, I suppose, and brought in many, many other cases regarding the differences between the terms, but the case law regarding what's delicative are really talking about terms that you almost have to have a gut feeling when you are deciding whether, you know, is it fair, is it reasonable, something like that, where it's not just a matter of looking at words, looking at dictionaries, and looking at other relevant statutes to see how the legislature intended the word to be defined, which is what you do in general statutory construction in Oregon and what you do for inexact terms. So that would be my response on that one. As to whether it required the agency to make a policy decision, the argument there is that legislature made the policy decision. The policy decision was that we are going to restrict this to civil proceedings. And that had to be construed, but it didn't have to be construed by the agency in order to apply a policy. I think it's fuzzy stuff, actually. Isn't there an overriding policy that maybe we should favor somebody who's a whistleblower and interpret the statutes and this whole scheme of things in a way that really is more favorable to that person than to your position, which cuts people out of the action completely? Well, there's a couple of responses to that, is, yeah, I would agree that it is kind of fuzzy, but we do have Oregon case law specifically addressing that. And this Court is not bound by the Court of Appeals, I agree. But it is, should defer to the Court of Appeals unless the plaintiff has presented a convincing argument as to why the Oregon Supreme Court would rule differently. And the plaintiff has not on that. I do want to point out one thing, Judge Block, and I'm sorry, I wanted to get to this earlier. The rule was in effect at the time, or had been promulgated at the time Hubert was decided. I checked the briefs. It wasn't briefed. It wasn't addressed at all. Right. But that doesn't really matter, because under the Oregon approach to these rules, if the rule is inconsistent with the court's construction of the statute, and if it is an inexact term, then the rule is not entitled to any deference. So whether it existed before or after. As a practical matter, if that issue was raised in the Hubert case, I assume the Court would have said something about that. Do you think we should let the Supreme Court of Oregon wrestle with this issue? I mean, we have to decide whether we want to impose upon them, I guess. I really, I actually do not think that this needs to be referred, certified to the Oregon Supreme Court. This issue doesn't appear to arise frequently. Hubert really is the only case out there in which it's arisen. It hasn't been addressed since by the Court of Appeals. So it does not appear to be something that arises so regularly that this Court cannot simply go with Hubert. Well, you've got the BOLI that felt pretty strongly about this, you know, and that sort of impresses me that they say, wait a second, you know, this should come to us. Of course it should come to us. In any event, it's not an uninteresting case. Could you answer my question? I'm sorry. We were still talking about where I draw the line. The difference between what you think is operative, what makes this an inexact term rather than a delicate term? Rather than a delicate term. I know it's not exact. You got to the point, you got as far as saying that there was a policy decision, and the policy decision's been made by the legislature. What the legislature said is civil proceeding, right, not criminal. I get that. Correct. Proceeding, I think, has a connotation of a more formal something happening, you know, an actual proceeding. I don't know how to say that other than to summarize this, particularly given that there's ten seconds left. But why did the, where did the legislature say we mean, you know, not just an administrative agency? Right. Because that's the crux of it here, right? That is the crux of it. The reason that it is an inexact term and not a delegative term is because it can be construed without making any policy decisions. It can be construed simply by looking at the text of the statute in context, which is the first step under the Oregon rules of statutory construction, which is what the Oregon courts would be doing with this statute. Isn't it precisely a policy issue? That's what I'm trying to get you to grapple with, that the legislature decided not to include reports to administrative agencies. It's a policy decision that was made by the, excuse me, it was a policy decision that was made by the legislature when it first enacted the statute. But to define it, the agency doesn't need to make any additional policy decisions. Or the court construing the statute doesn't need to make any additional policy decisions. That's what removes it from the realm of being a delegative statute under Oregon law. My time is more than up. I'm happy to ask any more, answer any more questions, but otherwise I will rest on the brief. I think you get your fair share of questions that we ask of you. Thank you, counsel. Thank you. One minute for rebuttal. Thank you. Thank you. Just a couple of things. I was looking at my reply brief and I did want to address the preservation issue that Your Honor had asked me about earlier. On page 5 of the reply brief, I cite a statement from the record, page 31, which was argued when we were talking about the jury instructions. My co-counsel at trial said, I believe that the investigation by the Secretary of State's office was a civil proceeding where someone may have to testify to Congress or to the Secretary of State's office in order for them to get the right information to establish a valid audit. What do you say about your adversary's position that the judge got it right, that this had to be reported to the DOJ because only the DOJ had the ability to prosecute, and that the law is pretty clear about that? Well, I don't think. I mentioned Roberts and DeBay, and she mentioned Roberts and DeBay either, and I don't necessarily agree that the law is clear about that, because I think what is stated in those two cases is that the complainant needs to have a reasonable belief that they are reporting that criminal activity. I think they set the burden extremely high, almost too high, for anybody to make a report when they don't know what the ‑‑ They had to have a reasonable belief that they were doing it the right way, even if they were wrong, is what your position is, I guess, right? That's correct. I mean, I'll give you an example at trial. The attorney for the DOJ that was there said that they didn't know there was a particular unit within the DOJ that handled certain types of cases. So if the employees of the DOJ don't even know what's there, how can the general public know what the DOJ is charged with prosecuting? Or the Secretary of State, or the Bureau of Labor and Industries, for that matter. I think the burden is extremely high for that. It doesn't make a whole lot of sense to me. Anyway, with that, I will conclude. I want to thank Your Honors for your time. Thank you. Thank you to both counsel for your helpful arguments in this case. The case just argued is submitted for decision by the court that completes our calendar for the morning. We are on recess until 9 a.m. tomorrow morning.
judges: Rawlinson, Christen, Block